## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TERRY EUGENE DAVIS, of the family Davis, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 24-CV-330-DES |
| | ) | |
| RENE BANKS, Region 6 IV-D Agency, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter comes before the Court on Defendant, Rene Banks in her official capacity's ("Defendant" or "Banks") Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1), and (6). (Docket No. 8). For the reasons set forth below, Defendant's Motion to Dismiss is hereby GRANTED.

### I.    Background

Pro se Plaintiff, Terry Eugene Davis, filed his Complaint on September 16, 2024, alleging violation of 42 U.S.C. § 1983 by Rene Banks in her official capacity as Director of Region 6 IV-D agency against Plaintiff, Terry Eugene Davis. (Docket No. 2). Plaintiff's Complaint purports to allege that Defendant Banks, as Director of Child Support Services for the Oklahoma Department of Human Services, approved a "business plan" pursuant to Title IV, Part D of the Federal Social Securities Act, as amended 42 U.S.C. § 651 et seq. which then "subjugate[ed] Plaintiff Terry to involuntary servitude by converting [him] to a non-custodial parent." (Docket No. 2 at 3). Plaintiff alleges Defendant violated his First Amendment right to "not assemble and associate expressive or intimate with the business for profit" by "compel[ing] [his] involuntary participation in the IV-D program." *Id.* at 14-15. He alleges Defendant violated the Fourth Amendment through "[w]eekly searches that were effectuated by the use of the SSN Plaintiff holds" for the purpose of "exacting

[his] honestly acquired income without a warrant." *Id.* at 16-17. Plaintiff alleges Defendant violated his Fifth and Fourteenth Amendment rights by failing to inform him that his SSN would be used to "convert Plaintiff from [his] Article II Sec. II-2 title of Genesis 1 man born equally free and independent, to the status of non-custodial parent" and be "used to punish [him] in relation to the non-custodial parent under IV-D of the Act and its regulations" without providing him with the "right to view and consider with continued attention to the legal consequences that would arise against [him]" in violation of due process. *Id.* at 18-19. Plaintiff also argues that he was denied a trial by jury in violation of the Seventh Amendment, *id.* at 20, and by labeling him as "non-custodial parent," Defendant has subjected Plaintiff "to slavery and involuntary servitude in violation of the Thirteenth Amendment." *Id.* at 21. Plaintiff also makes claims of collusion, violation of separation of powers, and false advertisement. *Id.* at 23-27.

On October 4, 2024, Defendant filed her Motion to Dismiss, arguing generally, that Plaintiff's Complaint fails to comply with Fed. R. Civ. P. 8 and that Plaintiff's claims are subject to dismissal under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (Docket No. 8). Plaintiff filed his Response on October 15, 2024. (Docket No. 9). This matter now fully briefed and ripe for decision.

## II.    Analysis

Fed. R. Civ. P. 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Courts would generally embrace a liberal construction of this pleading requirement and allow complaints containing only conclusory allegations to move forward unless factual impossibility was apparent from the face of the pleadings. *Robbins v. Oklahoma* 519 F.3d 1242, 1246 (10th Cir. 2008). However, the United States Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), announced a new standard and held that to withstand a motion to dismiss, a complaint must contain enough

2

allegations of fact to state a claim in which relief is plausible on its face. *Id* at 570. This does not mean all facts must be presented at the time of the complaint, but merely that the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Id.* at 555 (quotation omitted). Therefore, "if [allegations] are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Robbins,* 519 F. 3d at 1247. Courts are to construe the allegations of a complaint in a light most favorable to the Plaintiff; however, "the court will not read causes of action into the complaint which are not alleged." *Arnold v. City of Tulsa, Oklahoma*, No. 09CV811, 2010 WL 3860647, at \*3 (N.D. Okla. Sept. 30, 2010) (quotation omitted).

It is not enough for the plaintiff to plead facts "merely consistent" with the defendant's liability – "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009). Instead, a plaintiff must state enough facts to nudge his claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. "A complaint is 'plausible on its face' if its factual allegations allow the court to 'draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Doe v. Sch. Dist. No. 1*, 970 F.3d 1300, 1309 (10th Cir. 2020) (quoting *Iqbal*, 556 U.S. at 678).

### a.  Fed. R. Civ. P. 8

Defendant argues that Plaintiff's Complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure. (Docket No. 8 at 3). Fed. R. Civ. P. 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Fed. R. Civ. P. 8(a) is reinforced by Fed. R. Civ. P. 8(d)(1) which further provides that "[e]ach allegation must be simple, concise, and direct." Taken together,

Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the Federal Rules of Civil Procedure. Defendant contends Plaintiff's Complaint fails to comply with the Rule 8 requirements that the Complaint contain a "short and plain statement" of the claims and that it be "concise and direct." (Docket No. 8 at 4). Instead, Defendant suggests, "Plaintiff's Complaint is comprised of implausible and conclusory allegations and inflammatory and apocryphal arguments." *Id.* While the Court agrees that Plaintiff's Complaint is neither concise nor direct, the Court recognizes that Plaintiff is attempting to allege his claims in the manner that he believes is proper and necessary. However, even with this Court's leniency on Plaintiff's obvious Rule 8 violations, Plaintiff's Complaint is also clearly deficient under Fed. R. Civ. P. 12(b)(1) and (6).

### b. Fed. R. Civ. P. 12(b)(1)

Under Fed. R. Civ. P. 12(b)(1) a party may assert a defense to a complaint for lack of subject-matter jurisdiction. There are two types of Rule 12(b)(1) motions, (1) those which attack the complaint on its face, and (2) those which attack the existence of subject matter jurisdiction in fact, quite apart from any pleading. See *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). When there is an attack of the complaint on its face, a district court's review is similar to a Rule 12(b)(6) motion in that "a district court must accept the allegations in the complaint as true." *Id.* at 1002. However, for a Rule 12(b)(1) motion attacking the facts upon which subject matter jurisdiction exists, "a district court may not presume the truthfulness of the complaint's factual allegations." *Id.* at 1003. Accordingly, unlike a Rule 12(b)(6) motion, consideration of a Rule 12(b)(1) jurisdiction-type motion need not be limited since "a court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts." *Id.* Under this authority, the Court looks at the pleadings presented along with all attached exhibits.

Defendant contends this Court is without jurisdiction over Plaintiff's suit because it was brought in derogation of the Eleventh Amendment and the sovereign immunity of the State of Oklahoma. (Docket No. 8 at 6). The Eleventh Amendment states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Eleventh Amendment immunity applies to any action brought against a state in federal court, including suits initiated by a state's own citizens. *See Edelman v. Jordan,* 415 U.S. 651, 662–663 (1974). Not only does this immunity apply to a state, but it also applies to state entities. *See Steadfast Ins. Co. v. Aricultural Ins. Co.,* 507 F.3d 1250, 1253 (10th Cir. 2007). Additionally, it applies regardless of the relief the plaintiff seeks. *Id.* at 1252. Thus, absent waiver, neither a state nor agencies acting under its control may be subject to suit in federal court. *See Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 146 (1993); *Cory v. White*, 457 U.S. 85, 90–91 (1982); *Trujillo v. Williams,* 465 F.3d 1210, 1214 n. 1 (10th Cir. 2006) (citing *ANR Pipeline Co. v. LaFever,* 150 F.3d 1178, 1187 (10th Cir, 1998) ("[A] citizen's suit against a state agency is barred by the Eleventh Amendment just as surely as if the suit had named the state itself.)).

The Eleventh Amendment bars a suit against state officials when "the state is the real, substantial party in interest." *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 101, (1984). Defendant Banks is the Director of Child Support Services ("CSS") for the Oklahoma Department of Human Services ("OKDHS")*.* (Docket No. 8 at 1). OKDHS and, in turn, CSS are tasked by statute with establishing and enforcing child support obligations in Oklahoma. *See* 56 Okla. Stat. § 237. As an agency of the State of Oklahoma, OKDHS is unquestionably an arm of the State of Oklahoma and therefore is immune from suit under the Eleventh Amendment. *See*

*Pennhurst,* 465 U.S. at 100 ( "It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."). Plaintiff's Complaint is unequivocal that Defendant Rene Banks is "sued in her official capacity." (Docket No. 2 at 3). Plaintiff does try to allege that the IV-D program to which Defendant Banks is Director of is a "detached, and disconnected business for profit operating in this this state." *Id.* Plaintiff, however, fails to provide any support for this allegation other than misinterpreting general definitions and misconstruing quotes and terms located on the U.S. Department of Health and Human Services' website. *Id.* at 5-6. Defendant, as Director of CSS in her official capacity is unquestionably acting on behalf of the State of Oklahoma in administering the terms and requirements of the Oklahoma child support plan. As such, Plaintiff's claims are jurisdictionally barred under the Eleventh Amendment. Accordingly, Defendant's Motion to Dismiss is GRANTED.

Even assuming *arguendo* that Plaintiff's claims are not barred by the Eleventh Amendment, they are nevertheless subject to dismissal under the domestic relations exception, a judicially created exception to federal jurisdiction, which "divests the federal courts of power to issue divorce, alimony, and child custody decrees." *Ankenbrandt v. Richards,* 504 U.S. 689, 703 (1992); *see also Ex parte Burrus,* 136 U.S. 586, 593–94 (1890) ("The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States."). "[A] federal court cannot reopen, reissue, correct, or modify an order in a domestic relations case." *Alfaro v. Arapahoe County,* 766 F.App'x 657, 659 (10th Cir. 2017).

Despite Plaintiff's claim to the contrary, it is clear on the face of the pleadings that Plaintiff's cause of action stems from his obligations to pay child support under Oklahoma law.

Although Plaintiff does not specifically seek a domestic relations remedy provided by state courts, but instead seeks remedy for violation of his civil rights, (Docket No. 2 at 7), ["s]tating a claim in terms of contract or tort [or 1983 action] does not determine whether it falls outside the domestic relations exception." *Vaughan v. Smithson*, 883 F.2d 63, 65 (10th Cir. 1989). Thus, the proper inquiry focuses on what kind of determination the federal court must make to resolve the claim, i.e., whether "the federal court is called upon to decide those issues regularly decided in state court domestic relations actions such as divorce, alimony, child custody, or the support obligations of a spouse or parent[.]" *Id.* The relief Plaintiff seeks would require to Court to decide issues that are more appropriately handled in state court domestic relations actions, specifically nullifying and/or stopping enforcement of Oklahoma child support laws and orders of Oklahoma courts. In essence, Plaintiff attempts to "disguise the true nature of [his] domestic relations action" as a civil rights claim "in order to secure a federal forum." *Landrith v. Gariglietti*, 505 F. App'x 701, 703 (10th Cir. 2012). The Court rejects this attempt. *See Wyttenbach v. Parrish,* 495 F.App'x 796, 797 (10th Cir. 2012) (unpublished) (explaining that a plaintiff cannot "overcome the exception and win a federal forum by simply disguising the true nature of a domestic relations action" by claiming some other garden-variety claim).

The *Rooker-Feldman* doctrine also bars this Court from hearing Plaintiff's complaint. The *Rooker-Feldman* doctrine bars "a party losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States district court . . . ." *Johnson v. De Grandy,* 512 U.S. 997, 1006-06 (1994). The *Rooker-Feldman* doctrine applies to parties who lost in state court and now complain "of injuries caused by state-court judgments rendered before the [federal] district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Plaintiff's Complaint, while admittedly not very clear, seems to ask this Court to award Plaintiff monetary damages for violation of his First, Fourth, Fifth, Seventh, Thirteenth, and Fourteenth Amendment rights, based on the fact that Defendant, as Director of CSS, has enforced a child support plan[1] against Plaintiff under Oklahoma law. To determine the merits of Plaintiff's claims, the Court would have to review Plaintiff's state court domestic proceedings to determine whether the state court's actions were the result of unconstitutional conduct or a proper interpretation of Oklahoma law. It is precisely this type of review that the *Rooker-Feldman* doctrine prohibits. *See PJ ex rel. Jensen v. Wagner,* 603 F.3d 1182, 1193 (10th Cir. 2010); *see also Farris v. Burton,* F.App'x 590, 592 (10th Cir. 2017) (applying *Rooker-Feldman* where the plaintiff's claims would require "a federal court . . . to review the [ ] state court proceedings to determine if the decision . . . was reached as a result of fraud or from a proper assessment of the claims"). Additionally, although Plaintiff alleges numerous constitutional violations and couches his complaint as a civil rights action, he has no claims separate and apart from his child support action, making his constitutional claims "inextricably intertwined" with the state court proceedings, and therefore barred by *Rooker-Feldman*. *Bear v. Patton,* 451 F.3d 639, 642 (10th Cir. 2006) (quotation omitted) ("A federal claim is inextricably intertwined with a state-court judgment if that judgment caused, actually and proximately, the injury for which the federal-court plaintiff seeks redress."); *see also Garner v. Gonzales,* 167 F.App'x 21, 24 (10th Cir. 2006) (unpublished) (holding that the *Rooker-Feldman* doctrine barred plaintiff's claim in federal district court where plaintiff sought to challenge the constitutionality of child support). Accordingly, this Court lack jurisdiction over Plaintiff's claims under the domestic relations exception to federal jurisdiction and the *Rooker-Feldman* doctrine and Defendant's Motion to Dismiss is GRANTED.

---

[1] Plaintiff has an open and ongoing child support case with a substantial amount of unpaid child support in arrears in LeFlore County District Court Case No. FD-2015-315.

### c.  Fed. R. Civ. P. 12(b)(6)

Even assuming Plaintiff's claims are not jurisdictionally barred, the Complaint must nevertheless be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Although Plaintiff asserts that his Complaint contains "sufficient factual matters" to support his claims, it is devoid of any factual allegations that would render those claims plausible on their face. As the Supreme Court made clear, a complaint must include enough factual content to "nudge [a] claim across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Here, Plaintiff's allegations consist of nothing more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. He offers no facts that would allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Doe v. Sch. Dist. No. 1*, 970 F.3d 1300, 1309 (10th Cir. 2020) (quoting *Iqbal*, 556 U.S. at 678). This failure is no accident—Plaintiff cannot allege sufficient facts to support his claims without implicating the domestic relations exception which, as explained above, independently divests this Court of jurisdiction. Accordingly, Defendant's Motion to Dismiss is GRANTED.

## III.  Conclusion

For the reasons set forth herein, Plaintiff's claims are jurisdictionally barred under the Eleventh Amendment, as Defendant Rene Banks is sued solely in her official capacity as Director of Child Support Services, an agency of the State of Oklahoma. Even if jurisdiction were somehow proper, the Court is further divested of authority under both the domestic relations exception and the *Rooker-Feldman* doctrine, as Plaintiff's claims are precisely the type of claims that the *Rooker-Feldman* doctrine prohibits and are inextricably intertwined with a state child support determination. Moreover, Plaintiff's Complaint fails to meet the pleading standards of Rule 8 and

does not state a claim upon which relief can be granted under Rule 12(b)(6), as it consists only of conclusory assertions without factual support sufficient to render his claims plausible. Accordingly, Defendant's Motion to Dismiss is hereby GRANTED in its entirety and Plaintiff's claims are dismissed without prejudice.

IT IS SO ORDERED this 1st day of July, 2025.

_____
D. Edward Snow
United States Magistrate Judge